UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

BRISELDA BIELINSKI and MARIO PARDO,

                Plaintiffs,

    - against -                          COMPLAINT AND
                                              DEMAND FOR
HOTEL PIERRE,                                  JURY TRIAL

                Defendant.

------------------------------------------------------------------ x

Plaintiffs, by their undersigned attorneys, as and for his complaint, alleges as follows:

## INTRODUCTION

1. This is an action brought by two employees of defendant Hotel Pierre alleging employment discrimination in violation of the Age Discrimination in Employment Act and, in the case of one plaintiff, in violation of Title VII of the Civil Rights Act of 1964, as amended. Plaintiffs allege that they were denied a promotion to the position of Banquet Captain in favor of a much younger, much less experienced male employee.

## JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4), 29 U.S.C. §§ 216(b) and 626(c)(1), and 42 U.S.C. § 200e-5(f)(1). Plaintiffs filed a complaint with the United States Equal Employment Opportunity Commission on or about May 10, 2007, and subsequently received a Notice of Right to Sue. This Court's pendent jurisdiction is also involved.

## PARTIES

3.     Plaintiffs are employees of the Hotel Pierre. Pardo has been employed by the Pierre since 1970, and Bielinski since 1985. At all times since 1985, plaintiffs have worked as banquet waiters. Pardo was born in 1951, is male, and resides at 47-08 21st Avenue, in Astoria, Queens; Bielinski was born on February 21, 1047, is female, and resides at 60 West 57th Street, New York, New York.

4.     Defendant Hotel Pierre is a hotel and an employer, as that term is defined at 29 U.S.C. § 630(b), and at 42 U.S.C. § 2000e-(b). It is located at 60 West 57th Street, New York, New York 10003.

## FACTS RELEVANT TO ALL CLAIMS

5.     The position of Banquet Captain is the only promotional position available to waiters at the Pierre. The Pierre has 28 full-time waiters (also known as "A List Waiters") and 14 are part time (also known as "B List"). There are five full-time Banquet Captains and one part-time Banquet Captain.

6.     The last time there was an opening for the position of Banquet Captain was in 1993. The one before that occurred in 1989.

7.     The four full-time Banquet Captains working prior to the posting of an opening on February 13, 2007 were all male, and they are all over 60 years of age. The part-time Banquet Captain is also more than 60 years of age.

8.     On February 13, 2007, the Pierre posted notice of an opening for a Banquet Captain position. Approximately 12 waiters applied, including plaintiffs. Initially, only a small

number were interviewed (including plaintiffs), but after a complaint was made to their union, Local 6, Hotel and Restaurant Employees Union, all applicants were interviewed.

9. On March 17, 2007, Jay Laut, a 39-year-old waiter who had been an A-list waiter for only 2½ years and a B-list waiter for 5 years, announced that he had gotten the position.

10. On March 19, 2007, Terry Rungoo (another waiter with a lot of seniority) and plaintiffs Fardo and Bielinski went to see Yvonne Manzini, the Hotel's Human Resources Manager, to complain about the discriminatory treatment of those with seniority. Manzini denied knowing anything about a decision being made in favor of Laut. On March 21, 2007, Laut returned to being a waiter.

11. Over the next few weeks, plaintiffs were again interviewed, this time by the Catering Manager, and then by the Hotel's Manager.

12. While these interviews were underway, Laut was out on a three-week leave of absence.

13. On April 16, 2007, Yvonne Manzini, the Human Resources Manager, posted a notice, on behalf of management, announcing that Jay Laut had gotten the promotion.

14. Plaintiffs were far more qualified for the position than Laut. Plaintiffs did not get the promotion because of their age, and in Bielinski's case, because of her sex.

15. Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-14 above into the causes of action set forth below.

## AS AND FOR A
## FIRST CAUSE OF ACTION

16.    By engaging in the aforedescribed actions, the Hotel Pierre has discriminated against plaintiffs because of their age, in violation of 29 U.S.C. § 623.

## AS AND FOR A
## SECOND CAUSE OF ACTION

17.    By the actions aforedescribed, defendant violated plaintiff Bielinski's rights under 42 U.S.C. 2000e-2(a) to be free from sex discrimination.

## AS AND FOR A
## THIRD CAUSE OF ACTION

18.    By its aforedescribed actions, defendant violated plaintiffs' rights under NYSHRL §296(1) *et seq*.

## AS AND FOR A
## FOURTH CAUSE OF ACTION

19.    By its aforedescribed actions, defendant violated plaintiff's rights under NYCHRL §8-107(1) *et seq*.

## DAMAGES

20.    By its aforedescribed actions, defendant has caused plaintiffs to lose pay and benefits and has caused them severe emotional distress to their damage in a sum in excess of $500,000.

21.    Defendant's aforedescribed actions were taken in willful and/or reckless disregard of plaintiff's rights.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray that this Court will enter Judgment:

1. Directing defendant to place plaintiffs into the position of Banquet Captain.

2. Awarding plaintiff:

    a. lost wages and benefits;

    b. emotional distress damages in the sum of $500,000;

    c. punitive damages in the sum of $500,000; and

    d. attorneys' fees and litigation expenses.

## JURY DEMAND

Plaintiff demands a jury trial.

Dated: December 21, 2007

>                         SCHWARTZ, LICHTEN & BRIGHT, P.C.
>                         Attorneys for Plaintiff
>
>                         By: _____
>                             Arthur Z. Schwartz
>                             275 Seventh Avenue, Room 1760
>                             New York, New York  10001
>                             (212) 228-6320